

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-25-00383-CV

TAHIRIH KENNEDY AND GUSTAVO KENNEDY, APPELLANTS

V.

STEVEN SUBA, M.D., AND LESLIE ANN PHILLIPS, M.D., APPELLEES

On Appeal from the 352nd District Court
Tarrant County, Texas[1]
Trial Court No. 352-332340-22, Honorable Josh Burgess, Presiding

June 30, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and PRATT, JJ.

Appellants, Tahirih and Gustavo Kennedy, appeal the trial court's grant of summary judgment in favor of appellees, Steven Suba, M.D. and Leslie Ann Phillips, M.D. We affirm the trial court's judgment.

---

[1] This cause was originally filed in the Second Court of Appeals. It was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

**BACKGROUND**

On December 22, 2019, Tahirih was admitted to Texas Health Harris Methodist Southwest Fort Worth Hospital for uterine contractions at 39 weeks' gestational age of pregnancy. Suba, who had been Tahirih's obstetrician-gynecologist during her pregnancy, diagnosed Tahirih with severe preeclampsia. Suba recommended and performed a Cesarean section with no noted complications. On December 26, another doctor ordered a radiograph of Tahirih's abdomen which demonstrated "significant small bowel and proximal colon distention" that "could reflect ileus or distal bowel obstruction." On December 28, Tahirih was discharged from the hospital by Suba with follow-up instructions.

On January 1, 2020, Tahirih returned to the hospital complaining of severe pain in her abdomen and back. She was evaluated by Phillips who diagnosed her with a small reduceable umbilical hernia, prescribed her pain medication, and discharged her.

The following morning, Tahirih experienced a rupture of her C-section incision, causing leaking of abdominal contents and severe pain. She returned to the emergency room. She was diagnosed with a wound dehiscence of her C-section incision. Interventional surgery was performed. During the surgery, a perforation of Tahirih's cecum was located and repaired. Additionally, a loop ileostomy was performed to divert intestinal contents outside her body. Following surgery, Tahirih was diagnosed with acute respiratory failure with hypoxia, infection of her right lung, septic shock, and kidney injury. She was placed on a ventilator until January 18. She was discharged from the hospital and transferred to a long-term rehabilitation facility on January 27.

2

In March of 2022, the Kennedys filed suit alleging negligence against Drs. Suba, Phillips, and Evelyn Manning.[2] Their claims are based on allegations that the defendants were negligent in failing to properly manage Tahirih's post-surgical diagnosis and treatment, including failure to perform a CT scan. The Kennedys contend that these failures were the proximate cause of Tahirih's wound dehiscence, perforated cecum, and resultant complications.

In September of 2025, Appellees filed a traditional and no-evidence summary judgment motion. By their motion, Appellees specifically allege that there is no evidence or no genuine issue of material fact that either doctor was the proximate cause of Tahirih's injuries, and that there is no evidence that Phillips breached the emergency medical standard of care.[3] The Kennedys filed a response to the motion. On October 17, 2025, the trial court granted Appellees' motion without specifying the grounds for its ruling. The Kennedys timely filed the instant appeal.

By their appeal, the Kennedys present three issues. The first two issues challenge the propriety of the trial court's grant of summary judgment in favor of Appellees. By their third issue, the Kennedys make the alternative contention that no expert testimony on causation is required in this case because causation can be determined based solely on the general experience and common sense of laypersons.

---

[2] The Kennedys nonsuited Dr. Manning on July 23, 2022.

[3] Because we conclude that the record contains no evidence of Appellees' actions or inaction causing Tahirih's injuries, we need not address the propriety of summary judgment based on the heightened emergency medical standard of care applicable to Phillips. TEX. R. APP. P. 47.1

3

## STANDARD OF REVIEW

We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). In our review, we take as true all evidence favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When, as here, a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). If the nonmovant fails to meet its burden under the no-evidence standard, there is no need to consider the traditional motion. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact as to the challenged elements. *Ridgway*, 135 S.W.3d at 600. A genuine issue of material fact exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). Evidence does not create an issue of material fact if it is "so weak as to do no more than create a mere surmise or suspicion" as to the existence of the fact. *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014) (quoting *Ridgway*, 135 S.W.3d at 601). Under the traditional summary judgment standard, the movant meets its burden if it proves that there is no genuine issue of

4

material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c) (currently TEX. R. CIV. P. 166a(a)(1), (h)(2)).[4]

## SUMMARY JUDGMENT

By their first issue, the Kennedys generally challenge the propriety of the trial court's grant of traditional and no-evidence summary judgment in favor of Appellees. Their second issue specifically challenges the trial court's determination that their expert provided insufficient evidence of Appellees' negligence causing Tahirih's injuries to overcome summary judgment. Since both of these issues challenge the trial court's grant of summary judgment, we will address them together.

The Kennedys' claims are health care liability claims. The elements of health care liability claims are: (1) the defendant must be a physician or health care provider; (2) the claim must concern treatment, lack of treatment, or a departure from accepted standards of medical care, health care, or safety or professional or administrative services directly related to health care; and (3) the defendant's conduct must proximately cause the claimant's injury or death. *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 840 (Tex. 2022). By their summary judgment motion, Appellees challenged the Kennedys' evidence of proximate cause specifically. Proximate cause has two components: foreseeability and cause-in-fact. *Columbia Valley Healthcare Sys., L.P. v. Zamarripa*, 526 S.W.3d 453, 460 (Tex. 2017). A health care provider's breach of the standard of care is a foreseeable cause of the claimant's injury if a health care provider of ordinary

---

[4] Texas Rule of Civil Procedure 166a was amended on December 30, 2025. However, the effective date for this amendment is March 1, 2026, which was after the trial court decided the summary judgment motion filed in this case.

5

intelligence would have anticipated the danger caused by the negligent act or omission. *Aggarwal v. Trotta*, No. 01-19-00012-CV, 2019 Tex. App. LEXIS 4744, at *5 (Tex. App.— Houston [1st Dist.] June 11, 2019, no pet.) (mem. op.). For a negligent act or omission to have been a cause-in-fact of the claimant's injury or death, the act or omission must have been a substantial factor in bringing about the harm, and but for the act or omission, the harm would not have occurred. *Zamarripa*, 526 S.W.3d at 460. A plaintiff must adduce evidence of a "reasonable medical probability" that the defendants' negligence caused his injury. *Windrum v. Kareh*, 581 S.W.3d 761, 778 (Tex. 2019). However, the use of the phrase "reasonable medical probability" does not make bare assertions about causation sufficient; rather, evidence of causation must be based on materially correct factual assumptions. *Pediatrics Cool Care v. Thompson*, 649 S.W.3d 152, 161 (Tex. 2022). When evidence demonstrates other plausible causes of injury, the plaintiff must present evidence that excludes those causes with reasonable certainty. *Id*.

The Kennedys supported their negligence claims with the testimony and expert report of Dr. Izumi N. Cabrera, a board-certified obstetrician and gynecologist. Our review reveals that neither her testimony nor her report establishes a causal connection within a reasonable degree of medical probability between the alleged acts of negligence by Drs. Suba and Phillips and the injury or harm suffered by Tahirih. Initially, we note that Cabrera testified that she does not contend that Suba perforated Tahirih's cecum at the time he performed the C-section. Consequently, there is no evidence that Suba's C-section was the proximate cause of any subsequent complication or injury related to the perforation

of Tahirih's cecum.[5]  Rather, the Kennedys' claims of negligence relate to what Cabrera identifies as substandard post-operative diagnosis and treatment of Tahirih's condition. However, Cabrera specifically testified that she could not say that Tahirih's outcome would have been different had either doctor performed additional diagnostic testing.  She did testify that had Tahirih's condition been "appropriately managed or evaluated" it "could have potentially prevented this unfortunate outcome."  Clearly, Cabrera's testimony does not meet the standard of establishing causation within a reasonable medical probability. *See Windrum*, 581 S.W.3d at 778 (plaintiff bears burden of producing evidence that defendants' negligence by a "reasonable medical probability" caused injury); *Zamarripa*, 526 S.W.3d at 460 ("A bare expert opinion that the breach caused the injury will not suffice.").  Opinion testimony that the alleged acts of negligence "caused or contributed to" the plaintiff's injuries, without more, is insufficient to meet the reasonable medical probability standard for causation.  *Sisters of St. Joseph of Tex., Inc. v. Cheek*, 61 S.W.3d 32, 36 (Tex. App.—Amarillo 2001, pet. denied).  Our review of the record reveals that Cabrera provides no evidence that the alleged acts of negligence committed by Drs. Suba and Phillips were the proximate cause of Tahirih's injuries within a reasonable degree of medical probability.

Because there is no record evidence that the alleged negligence of Drs. Suba and Phillips caused Tahirih's injuries, we cannot conclude that the trial court erred in granting

---

[5] In their brief, the Kennedys acknowledge that "[n]o [d]efendant or expert retained by either side can pinpoint . . . when the perforation of Tahirih's cecum occurred."

Appellees' no-evidence summary judgment motion.  We overrule the Kennedys' first two issues.

## NECESSITY OF EXPERT OPINION EVIDENCE ON CAUSATION

By their third issue, the Kennedys contend that expert opinion evidence is not required in this case because the assessment of causation is within the general experience and common sense of laypersons.

As previously identified, proximate cause requires proof of both foreseeability and cause-in-fact.  *Zamarripa*, 526 S.W.3d at 460.  Foreseeability requires proof that the health care provider's breach of the standard of care is a foreseeable cause of the claimant's injury and a health care provider of ordinary intelligence would have anticipated the danger caused by the negligent act or omission.  *Aggarwal*, 2019 Tex. App. LEXIS 4744, at *5.  Cause-in-fact is proven if the negligent act or omission is shown to have been a substantial factor in bringing about the harm, and but for the act or omission, the harm would not have occurred.  *Zamarripa*, 526 S.W.3d at 460.

It is generally the rule that expert testimony is required to establish causation in cases involving claims of medical negligence.  *Guevara v. Ferrer*, 247 S.W.3d 662, 665 (Tex. 2007).  It is an exception to this rule when causation is within the common knowledge and experience of jurors.  *Id*.  Submission of causation to a jury is warranted when (1) the evidence would allow a lay person to fairly determine the causal relationship between the event and the condition utilizing his general experience and common sense; (2) categorical scientific principles, usually proved by expert testimony, establish that the result in question is always directly traceable back to the event in question; or (3) a

8

probable causal relationship is shown by expert testimony. *Parker v. Employers Mut. Liab. Ins. Co. of Wis.*, 440 S.W.2d 43, 46 (Tex. 1969). Based on our analysis above, we have determined that the trial court did not err in determining that the Kennedys failed to identify any expert evidence of causation.

In their brief, the Kennedys argue that, "[e]ven without Dr. Cabrera's testimony on causation, it is certainly within the general experience and common sense of laypersons that the failure to recognize, diagnose, and treat a perforation in a patient's bowel will cause additional and further worsening of the peritonitis infection . . . ." We reiterate that Cabrera was unable to state within a reasonable degree of medical probability that the actions or inactions of Drs. Suba and Phillips caused the injuries Tahirih suffered. We fail to see how a layperson could be expected to fairly determine that the failure of Appellees to recognize, diagnose, and treat a perforation in a patient's bowel would cause the injuries Tahirih sustained. We emphasize that the causation question is not whether a perforation in Tahirih's bowel could cause the injuries she suffered but, rather, whether Appellees' negligent acts (failure to recognize, diagnose, and treat) were the proximate cause of the particular injuries Tahirih suffered (wound dehiscence and perforated cecum). The Kennedys do not establish that this is within a layperson's general experience and common knowledge.

We overrule the Kennedys' third issue.

9

**CONCLUSION**

Having overruled all of the Kennedys' issues, we affirm the trial court's summary judgment.


Judy C. Parker<br>
Chief Justice
